## CLIFFORD V. HARDING *vs.* IMPERIAL PRINTING & FINISHING CO.

### FEBRUARY 14, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, J.J.

*(1)  Workmen's Compensation Act.  Hospital and Medical Charges.  Interest.*

A petitioner under the workmen's compensation act is entitled to interest on the amount expended for medical and hospital services from the date of notice of the filing of the petition for compensation when that was the first time that respondent was apprised that petitioner demanded reimbursement from him.

*(2)  Workmen's Compensation Act.  Appeal.*

Under Sect. 7, article III, cap. 831, Pub. Laws, 1912, as amended by sec. 9, cap. 2086, Pub. Laws, 1921, (Workmen's Compensation Act) the court will not consider questions which are not stated in the reasons of appeal.

*(3)  Workmen's Compensation Act.  Costs.*

The court on an appeal under the Workmen's Compensation Act cannot award costs since that matter is exclusively within the discretion of the superior court whose action will not even be reviewed except in cases of abuse of discretion.

PETITION under workmen's compensation act.  Heard on form of decree.

RATHBUN, J.  This case has been recently considered by us on the appeal of the petitioner from a decree of the Superior Court fixing compensation for loss of wages, as provided for in the Workmen's Compensation Act, and refusing compensation for money expended for necessary medical and hospital services rendered within four weeks after the injury.  In an opinion reported in 45 R. I. 390, we reversed said decree, in so far as it denied compensation for medical

and hospital services, and held that the petitioner was entitled to recover from his employer, the respondent, $342.28 which sum the Superior Court found was a reasonable charge for all necessary medical and hospital services. Said opinion directed the parties to submit for our approval a form of decree, in accordance with said opinion, to be entered in the Superior Court. The petitioner submitted a form of decree which was objected to by the respondent on the ground that said form of decree directed the respondent to pay interest, not only on the amount which we held the petitioner was entitled to recover for necessary medical and hospital services, but also on the amounts awarded by the Superior Court for loss of wages.

We think the petitioner is entitled to interest on the amount expended for medical and hospital services from the date of notice of the filing of the petition for compensation, that being the first time so far as the record discloses, that the respondent was apprised of the fact that the services were paid for by the petitioner and that he demanded that he be reimbursed by the respondent.

The petitioner has failed to bring to us the question of interest on amounts awarded for loss of wages. In his reasons of appeal he does not complain of that portion of the decree which makes an award for loss of wages. Section 7 of Article III, Chapter 831, Public Laws 1912, as amended by Section 9, of Chapter 2086, Public Laws, 1921, provides that "the appellant shall file reasons of appeal stating specifically all the questions of law or equity decided adversely to him which he desires to include in his reasons of appeal," etc.

We cannot order that the petitioner be awarded costs as the awarding of costs is exclusively within the discretion of the Superior Court whose action on the question will not even be reviewed by us except in cases of abuse of discretion. Section 6 of said article and chapter provides that "The Superior Court may award as costs the actual expenditures, or such part thereof as to the court shall seem meet,

.   .   .   .   and shall include such costs in its decree.   The Superior Court may refuse to award costs," etc.   The Superior Court, if it has not already considered the question, will exercise its discretion by awarding or refusing to award costs.   The form of decree submitted may be amended so as to be in accord with this opinion.

*Augustine H. Downing*, for petitioner.
*Frederick A. Jones*, for respondent.